The Ch ef Justice
delivered the opinion
This is an appeal taken by the defendants in the circuit court, from a judgment for the plaintiffs in that court, in an action of covenant. The case was formerly before this Court, a id is reported in 3 Bibb 3l!9. The statement , the ¡o given, of the pleadings of Ute parties, dispenses with the necessity QÍ again renting them at large, it wijl be *447 seen, by adverting to that case, that the judgment which the plaintiffs, in the circuit court, bad obtained was reversed by this court, because there were two breaches of tin covenant alledged in the declaration, one of which was insufficiently assigned, and the verdict was for damages generally, without shewing for which breach. When the cause was remanded, the parties made no amendment or change of the state of these pleadings but went to trial upon the issues which had been joined to the country, con-trarv to wbat seems to have been expected by this court, After the jury Was sworn, the plaintiffs, with leave of the court io which the defendants objected, entered a nolli prosequi, as to the second breach of the covenant assigned in ! ¡e declaration, and Whether it was erroneous to do so, is the first question which the record now presents.
Jn a ¿eciar& rstion conf. iw ⅛ not errone-<>!|sitn mea ⅜ í^one^-ve* after the jury ⅛ sworn, an& *?, others, for e«ch count a s®' action;
The breach to which the nolli prosequi was entered, was in the covenant to pay the stipulated price which had been decided by this court to be insufficiently assigned, and to avoid the error for which the judgment had been before reversed was no doubt the object of entering the nolli pro-sequi This object, might have been attained, more aptly. by striking, the breach from the declaration, or by amending the assignment of the bread), or by taking a verdict for damages for the other breach only. But. although the mode adopted was not the most apt for the attainment the object, vve caB perceive no solid objection to It could not operate to the prejudice of the defendants, and it. is o ly of that which works to their prejudice they have any legal or just cause to complain. Even if the breach had been sufficiently assigned, the plaintiffs would have had a right to enter a nolli prosequi* as to it, and pro* oeed for damages for the other hrencli only ; far in that case each breach would constitute a seperate cause of action, and when a declaration contains several causes of action, it is settled that the plaintiff may enter n nolli pro-sequi, as to á part, and proceed fir the residue. And there is still less reason to object to entering a nolli pros&-fui. ,‘s to a part of the declaration, which, like the breach' ir* question, is so insufficiently alledged as to afford no caus<- of action.
I he nex' question the record presents, is, whether the circuit court erred in pronouncing the fir at issue joined, to be ¡ o naieri it and in refusing to instruct the jury upon ait hypothecated state of facts to find that issue for the defea- *448 ¿ants. When the case was formerly before this eourt, there was no direct opinion expressed in relation to the plea upon Which the first issue was joined, nor was there any occasion todo so, for there being another issue joined on a plea which was indisputably good, a verdict for either party would, if otherwise unexceptionable, have authorized a judgment to be rendered accordingly.
When a «o-Venant, P”V se, 'imits no time £hr its performance, the time of i< g performance Is a ‘1 eduction of iavr, arid is to be performed within a reasonable time, if the core-nan' is to do a thing, which in its nature requires time to complete, its execution soouid be commenced in s r -sscatt» %le time.
The principles, however, upon which the former opinion of this court is founded, lead evidently to the conclusion, that the issue joined upon the first plea is immaterial. That plea alledges in substance, that Nicholas and Breck» enridge could not have settled and investigated the title to the moiety of the 19062 1 2 acres, before the 15th of May, 1S09. The contract, it must be recollected, was entered into on the 6th of August, 1795, and contains no specification of the time tvben the covenant, to settle and investigate the title, was to be performed. The time necessary to complete the investigation and settlement of the title, must depend upon the particular circumstances of the case, and whether any given period would be sufficient for that purpose or not, would be a question involving matter of fact as well as matter of law, to which it would not he' competent for the court to respond.
But the time when the performance of the covenant, t* investigate the title, should have been commenced, is exclusively a matter of law, arising from the construction of the cotftract, and as was decided in the former opinion of this court, and no doubt correctly., it was the duly of Nicholas and Breckenridgeto commence the performance of the' covenant to investigate the title without delay, and a fail* Ore to do so was a breach of their covenant, for which alone'the action was now prosecuted. But the plea upo* which the firs! issue was joined, does not ailedge that the performance of the covenant was ever commenced, muck less that it was commenced without delay, or within a reasonable time after the contract was entered into The plea, therefore, is no answer to the breach for which the action was prosecuted ; and let the finding of the jury have been as it might as to the issue joined upon that plea, the judgment must have been rendered according to the veidict upon the other issue. There was, consequently, no error in the decision of the circuit court declaring the issue immaterial, nor in refusing to instruct the jury, on anf slate cffaclsj to find that issue for the defendants.
Where a covenant con-’in^ various s’ipui it ions a suit is brought thereon, and breaches assigned in ‘he declaration >f one or more of the s' ipul i ons* t ie pl*ff is not esiop ⅜ in a nevv action, to as-v siga new breaches in p rts of the covenant not befotv. pui in issue; &’ho* the same covenant easy contain various stipulations, in ⅝ heir nature dts-tin f,- fey are various cove ant.<, & if there be but one stipulation, if it is broken at d ffereu Mmes, different aciio-is may b sustained for each bteach.
The next question presented, by the record, grows out of a motion made by the defendant, to instruct the jury that they ought to find only such damages as the plaintiffs, or their testator, had sustained by the negligence of Nicholas and Breckenridge to proceed to settle and investigate the title of the land sold to them by the plaintiffs’ testator, and that the verdict in this case would not bar the pi in lilis from bringing another action for the stipula'ed price of the land, or so much of it as might appear to be of indispu table title.
This motion the court overruled in part, and instructed the jury that if they should find, from the evidence, that Nicholas and Breckenridge did not proceed immediately, or in a reasonable time, to investigate the title legally, the covenant was broken, and for that breach the jury ought to give such damages as the testator of the plaintiffs had sustained, not exceeding the stipulated prtCe of the land
As a proposition of law, there can, we think, be but little doubt that the verdict in this case would not operate as a bar to another action for the stipulated price of the land. In this case the action was prosecuted only for {be breach of the covenant to investigate the title, the plaintiffs having, as we have before seen, entered a nolli prose qui, as to the breach of the covenant to pay the stipulated price. The covenant to investigate the title, and the co Tenant to pay for the land, when the title should be legally and indisputably ascertained, though contained in the same «ontract, are two distinct covenants. They are distinct, not only in the mode in which they are expressed in the contract or alledged in the declaration, but they are distinct in the duty which they respectively impose, and in the order of time that duty is required to be performed — An action would therefore, most indisputably, lie for a breach of either, and we can perceive no principle upon which a recovery in one action, for a breach of the one, can operate as a bar to an action for a breach of the other. Even where there is but one covenant, if it may be broken at several times, an action will lie for each breach and a recovery for one, will be no bar to an action for another ; as in the case of a covenant to pay money by instalments, or to pay an annual rent on a lease for years ; for in such case each breach of the covenant constitutes a separate cause of action, and to make a recovery in one action ope* rate as a bar to another, it is not onlv necessary that both *450 actbns should be o the same contract and between tile ssme par{((;s_ but that they should be brought for the same coffise of action ^
And if, where there are several breaches of the same covenant, a recovery for one will not ope rate as a bar to an action for another breach, a fortiori, would it seem to follow, in a case like the present where there are several covenants, that a recovery for the breach of one of the covenants could not operate as a bar to an action for a breach of the other. It is true that the performance of the cove-Bant to pay the stipulated price, was, by the terms of the contract, made to depend upon the performance of the covenant to investigate and settle the tide as a precedent condition; a»d as Nicholas and Breckenridge bad Undertaken to perform that precedent condition, a failure to do so would, as was determined by the former opinion of this court, give to Lee, or his representatives, a right to maintain an action, not only for a breach of the covenant to investigate the title, but for a breach of the covenant to pay the stipulated price, on their failing to do so. Si ill, however, the cause of action is not the same. In the one case it is the failure to investigate the title, which constitutes the cause of action ; and in the other, the failure to investigate the title is only deemed in law an equivalent to a performance of the condition upon which the payment of the price was to be made, and it is the failure to pay the price which constitutes the cause of action, it is obvious, therefore, that a recovery in this suit could not bar another action for the breach of the covenant to pay the stipulated price of the land.
Whether the court erred in nut so instructing the jury CD the application of the defendants, is a point of more doubt. It is certainly not in every case that the court can be required to instruct the jury that a recovery in such case would be a bar to another action brought by the same plaintiffs against the same defendants, for in many cases such a-n instruction would involve merely an abstract proposition, conducing in no measure to affect tbe verdict of the jury. This however cannot, we apprehend, be predicated of the instruction asked by the defendants in this instance ; for, although the covenant to investigate the title and the covenant to pay for the land are distinct covenants, yet, as they are so intimately connected that a breach of the former may superinduce a breach of the latter, lb* *451 jury, unless they were instructed that a recovery for the former would not preclude an action for the latter, might very readily suppose it to be their duty to find damages for both, and they would the more easily fall into this error, ill this instance, as the declaration contained a breach of each covenant. The assignment of the breach in the covenant to pay the stipulated price of the land, had been, it is true, decided to be insufficient, and the plaintiffs had re* Hnquished it by entering a nolli prosequi. But the jury were neither judges of the sufficiency of the assignment of the breach, nor of the legal effects of the nolli prosequi, and as it was one of the consequences of the nolli prosequi that a recovery in this case would not bar another acifqn for that breach, it was peculiarly proper, on that account, that the court should so have instructed the jury. We are therefore oí opinion that the court erred in not instructing the jury that the verdict in this case would not bar the plaintiffs from maintaining another action for a breach of the covenant to pay the stipulated price of the land. With respect to the instruction of the court, or to the damages which the jury ought to give, we can perceive nothing objectionable, except so far as the limitation prescribed by (he court to the jury. That they should not exceed the stipulated price of the land, may imply that the price of the land was io every respect the measure of compensation for the breach of the covenant to investigate the title, in an action for a breach of the covenant to pay the price, th« stipulated price would, no doubt, be the measure of com* pensalion ; but it is obvious, from the nature of the con* tract between the parties, that in an action, prosecuted as this was, for the breach of the covenant to investigate the title only, the damages which could be rightfully recové^-cd, must be far short of the stipulated price, and of course such price could not be said, with any propriety, to be the limit of the recovery in this case.
There are other questions arising out of the peculiar state of the pleadings of the parlies, but from the view we have taken of (he case, in the discussion of the preceding points, it will be so manifestly the interest of the plaintiffs to a* mend their declaration, that we cannot doubt that they will do so, and consequently these other questions cannot again occur and need not be particularly noticed.
The judgment must therefore be reversed with costs, and the cause be remanded, that new proceedings may *452 be bad not inconsistent with this and the former opinion of t’>is court.
Wickliffe and Breckenridge, for appellants, Ilaggin, for appellee.